IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NATHAN IRA NIXON,

    Plaintiff,
v.                                      CASE NO. 1:18-cv-253-AW-GRJ

SURENDRA MIKE NARAYAN,
and MICHAEL WILKINSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1 ("Complaint"). At the time the Complaint was filed, Plaintiff was a pretrial detainee at the Levy County Jail. The Complaint stems from Plaintiff's interrogation by two law enforcement officers, Surendra "Mike" Narayan and Michael Wilkinson, in connection with the charges for which Plaintiff was detained. ECF No. 1. Narayan and Wilkinson are named as Defendants in the Complaint. *Id.*

This case is now before the Court on Defendants' motion for summary judgment, ECF No. 29. Plaintiff has filed responses in opposition

to the motion, ECF Nos. 36, 37, and the motion for summary judgment is therefore ripe for determination.  For the reasons discussed below, it is recommended that summary judgment be granted in Defendants' favor.

## I. PLAINTIFF'S CLAIMS

The factual allegations of the Complaint are straightforward.  Plaintiff alleges that in July 2017, Narayan and Wilkinson "acted outside of their duties by subjecting [him] to torturous and abusive interrogation tactics." Plaintiff claims that he "was aggressively interrogated, physically abused and psychologically manipulated.  Then the interview tapes were illegally edited to remove these abuses and to manipulate evidence." Plaintiff alleges that he "was battered and beaten.  I was taken to the hospital, but those records have disappeared." For relief, Plaintiff seeks to have Defendants dismissed from their jobs, for the evidence obtained from the "coerced" interview to be "sealed/expunged", and for an award of $100,000 in monetary damages from each Defendant.  ECF No. 1.

Plaintiff's Complaint also identifies his public defender, Midori Lowry, as a defendant, but there are no factual allegations in the Complaint implicating Lowry in any violation of Plaintiff's constitutional rights, and she has not been served with process in this case.  *See* ECF No. 1, 10.  In

signing the Complaint, Plaintiff verified that his factual allegations have evidentiary support and that the Complaint otherwise complies with the requirements of Fed. R. Civ. P. 11.  *Id.* at 12.

Defendants' summary judgment motion is likewise straightforward. Defendants took Plaintiff's sworn deposition in this case, and Plaintiff testified that Defendants did *not* abuse him physically during his interrogation and that his factual allegations to the contrary are a "clerical error".  ECF No. 29 at 2.  In support of the motion, Defendants submit Plaintiff's deposition transcript, a video recording of Plaintiff's interrogation in the Levy County Jail, and narrative statements by Defendants pertaining to the investigation of Plaintiff's criminal charges.  ECF No. 29 & Exhibits 1, 2, 3.

In opposition to summary judgment, Plaintiff maintains that the video recording of his interrogation has been manipulated or altered to change his statements and that there is more than one recording of the interview. He argues that Defendants conspired to convict him of a crime he did not commit.  Plaintiff admits that Defendants did not physically abuse him, and that those allegations in the Complaint are the fault of "the person who helped [Plaintiff] write it [who] changed the sheet to sabotage the 1983

complaint." ECF No. 36. Plaintiff alleges that he felt "threatened" during the interview. *Id.* He claims that Defendants made intentional misstatements in their narrative reports. He alleges that it is a custom or policy of the Levy County Sheriff's Department "to extort a plea bargain, alter evidence, file false reports, and lie at trial. He claims that falsified evidence was admitted at his trial and that evidence was withheld. ECF Nos. 36, 37.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this

score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005).

Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard and will be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Further, for purposes of summary judgment, the Court may also consider as summary judgment evidence the factual allegations – but not the legal conclusions – contained in his verified pleadings. *See United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1444 n.35 (11th Cir. 1991); *Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir. 1980); *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965). Conclusory allegations based on subjective beliefs are insufficient to create a genuine

issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III. **DISCUSSION**

"It has long been held that beating and threatening a person in the course of custodial interrogation violates the fifth and fourteenth amendments of the Constitution." *Gray v. Spillman*, 925 F.2d 90, 93 (4th Cir. 1991) (citing *Adamson v. California,* 332 U.S. 46, 54 (1947); *Brown v. Mississippi,* 297 U.S. 278, 286 (1936)). Thus, the violent conduct alleged in the Complaint – if proven – gives rise to liability under § 1983.

The problem in this case, of course, is that Plaintiff has admitted that the conduct alleged in the Complaint did not occur. While Plaintiff attempts to cast blame for his untruthful allegations upon someone who helped him prepare the Complaint, Plaintiff concedes that he signed the Complaint and, in doing so, he verified that the allegations had evidentiary support. ECF No. 29-1 at 10-12 (Plaintiff's deposition). On this record, there can be no genuine dispute that Defendants are entitled to summary judgment on Plaintiff's claims of physical abuse during his interrogation.

Plaintiff maintains in his deposition testimony that Defendants Narayan and Wilkinson "mentally abused" him after he asked them to stop

the interview and they "came very, very close in a physical threatening manner". ECF No. 29-1 at 12-13. To the extent such allegations amount to a constitutional violation that is actionable under § 1983, Defendants argue that the allegations are "absolutely false" as established by the video recording of the interrogation. ECF No. 29 at 11.

The Court has reviewed the video recording of Plaintiff's interrogation, which was submitted to the Court under seal to protect the identity of the victim. ECF No. 29-2. The video recording flatly contradicts every material allegation of the Complaint. The recording also contradicts Plaintiff's assertion in opposition to summary judgment that he was "mentally abused" or physically threatened in any manner.

At the outset of the interview, the officers brought Plaintiff water and then read him his *Miranda* rights. Plaintiff stated that he wanted to speak with the officers in order to explain his side of the charges, which concerned the abuse of Plaintiff's daughter. Plaintiff then offered a lengthy, uninterrupted narrative account of the events leading to his arrest. Throughout the interview, the officers remained seated in their chairs, except when they left the room later in the interview to get Plaintiff more water and tissues or paper towels. At one point, Officer Narayan tried to

ask Plaintiff a question and Plaintiff cut him off stating "I'm going to finish telling my story." When the officers did ask questions, their tone, manner, and body language remained neutral. At the conclusion of the interview, the officers informed Plaintiff that he was being charged and escorted him from the room without incident. ECF No. 29-2.

Plaintiff's claim that the video recording was altered or manipulated lacks any evidentiary support. The recording is continuous from the moment Plaintiff and the officers entered the room until they left. There are no pauses in the recording or any other indication that the interview was inaccurately recorded. *See id.* Plaintiff's speculative assertion that the recording was altered is insufficient to create any genuine dispute regarding the validity of the recording. *See Waddell*, 276 F.3d at 1279.

In sum, Plaintiff points to no evidence that would create any genuine dispute regarding the material facts alleged in the Complaint and Defendants' summary judgment motion is due to be granted. To the extent that Plaintiff's responses may be construed as asserting grounds for amending his Complaint to allege misconduct during his subsequent trial and conviction, such claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court emphasized that civil tort

actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments," and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted). The Supreme Court has summarized that *Heck* and related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Dollar v. Woeta Cnty. Sheriff Office*, 446 F. App'x 248, 251 ("a state prisoner's § 1983 claim is barred no matter the relief sought and no matter the target of the prisoner's suit if success on that claim would necessarily demonstrate the invalidity of his conviction or length of confinement") (quotations and citations omitted).

Plaintiff's attempt in this case to attack his conviction by suggesting that the officers or others involved in his investigation and trial altered, falsified, or withheld evidence directly implicates *Heck*. *See* ECF Nos. 36, 37. Plaintiff has made no showing that his conviction has been overturned or invalidated, and therefore the *Heck* bar precludes the assertion of such claims in a civil lawsuit. Plaintiff should not be afforded an opportunity to amend his Complaint to assert claims that are clearly *Heck*-barred.

## V.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment, ECF No. 29, should be **GRANTED** and this case dismissed without leave to amend the Complaint.

**IN CHAMBERS** this 1st day of April 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**